## Weekly Abstract of PENDING CASES

---

No. 370

STATE ex rel. ATTY. GEN. v. BUCKEYE STATE BLDG. & LOAN CO.

No. 19635. Supreme Court

On motion to certify. Dock. Feb. 23, 1926; 4 Abs. 142.

1283. WORKMAN'S COMPENSATION— Does a judgment obtained under favor of the workmen's compensation law have preference and should it be paid before mortgages upon the real estate owned by the judgment creditor?

The Champion Iron Company is a corporation formerly engaged in the manufacturing business at Kenton, Ohio. On petition of a creditor, on March 14, 1917, it was put into the hands of a receiver, and its assets are now being liquidated and marshalled; enough has developed to show its hopeless insolvency and that general creditors will receive only a small dividend on their claims.

The Iron Co. while in operation did not contribute to the state industrial fund or had it elected under section 22 of the Act to pay compensation direct to its injured employes and the dependants of killed employes.

The claimant, Oliver Bontriger, while an employe of the company and in the course of said employment, on August 7, 1916, sustained a bodily injury; on December 10, 1916, he filed with the State Industrial Commission his application, under section 27 of the Act, for compensation therefor; the Iron Co. was notified of the application and on April 17, 1917, a finding and award was made in favor of the applicant and notice thereof delivered to the receiver, who was at that time in possession of and operating the factory. James Losey, another employe, was also favored with an award by the Commission.

One, Alta Biddinger, while an employe of the company and in the course of said employment, was killed; his widow, the claimant, Mary Biddinger, filed with the Industrial Commission her application for compensation therefor, and a finding and award was made in her favor ordering the Company to pay for medical and funeral expenses and compensation at the rate of $8.00 per week for 312 weeks; under a rule of the Commission the Company gave bond with the Fidelity Company as surety to secure the periodical payments ordered and the medical and funeral expenses; such payments were made up to the date when the receiver was appointed and took possession of the company's assets; after that time, the Fidelity Company as surety made certain payments.

These several claimants, Oliver Bontriger, Jas. Losey and Mary Biddinger, to the amount of the remainder of the award yet remaining unpaid and the fidelity company to the amount of the payments made by it as surety after

the appointment of the receiver, through the attorney general, are seeking an order establishing their respective claims and statutory penalities thereon as preferred claims against the assets of the Iron Co. in the receiver's hands and directing the receiver to pay them as such.

The Attorney General, in the Supreme Court, contends:

1. That the Workman's Compensation law comes within the police power of the State.

2. That a correct interpretation of 1465-77 GC. gives claims awarded under the compensation law absolute preference.

The judgment of the Fayette Common Pleas in holding that the mortgage of the Building & Loan Co. had preference was sustained by the Court of Appeals.

Attorneys—C. C. Crabbe and R. R. Zurmehly Columbus, for State; R. Maddox, Washington C. H., for Deft.